IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. *21-39* Erie |
| | ) | |
| HERTEL & BROWN PHYSICAL | ) | |
| AND AQUATIC THERAPY | ) | (18 U.S.C. §§ 1347, 1349 and 2) |
| AARON WILHELM HERTEL | ) | |
| MICHAEL ROBERT BROWN | ) | |
| SARAH ELIZABETH BAILEY | ) | |
| JESSICA JEANNE MORPHY | ) | |
| JACQUELINE RENEE EXLEY | ) | |
| JULIE ANN JOHNSON | ) | |
| BOBBY LEE RAINEY | ) | |
| STEVEN MICHAEL BAUER | ) | |
| AUSTIN JOHN DUDENHOEFER | ) | |
| PHILIP DALE SORENSEN JR. | ) | |
| PATRICIA SUSAN BERCHTOLD | ) | |
| JEREMY RICHARD BOWES | ) | |
| JENNIFER MARIE LARMON | ) | |
| TRAVIS WALTER LITZ | ) | |
| ERIN MARIE RIFFE | ) | |
| ABIGAYLE JANE FACHETTI | ) | |
| LORI LYNN GOSS | ) | |
| MARISSA SUE HULL | ) | |
| JUSTIN CHARLES BURGER | ) | |
| CARL WILLIAM LEWIS JR. | ) | |

FILED

NOV 09 2021

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**INDICTMENT**

The grand jury charges:

**COUNT ONE**

**Introduction**

At times relevant to this Indictment:

1.      Defendant HERTEL & BROWN PHYSICAL AND AQUATIC THERAPY

(hereinafter "HERTEL & BROWN"), a professional corporation incorporated in Pennsylvania in

and around March 2006, was a physical therapy practice located in the Western District of

Pennsylvania, that opened in and around January 2007.  When first opened, Defendant HERTEL

& BROWN had one office location at 1337 West 6th Street, Erie, Pennsylvania 16505.  Thereafter,

in and around February 2014, Defendant HERTEL & BROWN closed its original office location and opened an office at 902 West Erie Plaza Drive, Erie, Pennsylvania 16505 (West Erie Plaza office). Defendant HERTEL & BROWN also opened additional offices located at: 1) 8270 Peach Street, Suite 400, Erie, Pennsylvania 16509 (Summit office), 2) 4472 Buffalo Road, Erie, Pennsylvania 16510 (Harborcreek office), 3) 3911 Avonia Road, Fairview, Pennsylvania 16415 (Fairview office), and 4) 2 Farm Colony Drive, Warren, Pennsylvania 16365 (Warren office). In and around May 2021, Defendant HERTEL & BROWN closed its Warren office location.

   2. Defendant AARON WILHELM HERTEL, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around February 2004, who co-founded Defendant HERTEL & BROWN in and around March 2006.

   3. Defendant MICHAEL ROBERT BROWN, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around March 2004, who co-founded Defendant HERTEL & BROWN in and around March 2006.

   4. Defendant SARAH ELIZABETH BAILEY, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around September 2007, who began employment as a licensed physical therapist at Defendant HERTEL & BROWN in and around August 2010. Defendant SARAH ELIZABETH BAILEY then left employment at Defendant HERTEL & BROWN in and around December 2018, to work at another physical therapy practice in Erie County, Pennsylvania. Defendant SARAH ELIZABETH BAILEY then returned to Defendant HERTEL & BROWN as a licensed physical therapist in and around July 2020.

   5. Defendant JESSICA JEANNE MORPHY, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around June 2010, who began employment as a licensed physical therapist at Defendant HERTEL & BROWN in and around November 2010.

6.      Defendant JACQUELINE RENEE EXLEY, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around January 2008.  During her employment, Defendant JACQUELINE RENEE EXLEY became a licensed physical therapist in Pennsylvania in and around July 2012. Thereafter, Defendant JACQUELINE RENEE EXLEY continued her employment at Defendant HERTEL & BROWN as a licensed physical therapist.

7.      Defendant JULIE ANN JOHNSON, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around March 2006, who began employment as a licensed physical therapist at Defendant HERTEL & BROWN in and around August 2008.

8.      Defendant BOBBY LEE RAINEY, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around March 2006, who began employment as a licensed physical therapist at Defendant HERTEL & BROWN in and around September 2008.

9.      Defendant STEVEN MICHAEL BAUER, a resident of the Western District of Pennsylvania, was a licensed physical therapist in Pennsylvania since in and around July 2013, who began employment at Defendant HERTEL & BROWN as an unlicensed technician in and around September 2008. Defendant STEVEN MICHAEL BAUER then left employment at Defendant HERTEL & BROWN in and around October 2012, to work at other physical therapy practices not in Pennsylvania. Defendant STEVEN MICHAEL BAUER then returned to Defendant HERTEL & BROWN as a licensed physical therapist in and around August 2013.

10.      Defendant AUSTIN JOHN DUDENHOEFER, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around October 2013.  During his employment, Defendant AUSTIN JOHN DUDENHOEFER became a licensed physical therapist in Pennsylvania in and around August

3

2018. Thereafter, Defendant AUSTIN JOHN DUDENHOEFER continued his employment at Defendant HERTEL & BROWN as a licensed physical therapist.

11.     Defendant PHILIP DALE SORENSEN JR., a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around March 2015.  During his employment, Defendant PHILIP DALE SORENSEN JR. became a licensed physical therapist in Pennsylvania in and around August 2018. Thereafter, Defendant PHILIP DALE SORENSEN JR. continued his employment at Defendant HERTEL & BROWN as a licensed physical therapist.

12.     Defendant PATRICIA SUSAN BERCHTOLD, a primary resident of the Middle District of Florida, began employment at Defendant HERTEL & BROWN in and around April 2008 as a billing specialist.  Defendant PATRICIA SUSAN BERCHTOLD typically worked for Defendant HERTEL & BROWN remotely from Florida.

13.     Defendant JEREMY RICHARD BOWES, a resident of the Western District of Pennsylvania, was a licensed physical therapy assistant in Pennsylvania since in and around May 2005, who began employment as a licensed physical therapy assistant at Defendant HERTEL & BROWN in and around February 2008.

14.     Defendant JENNIFER MARIE LARMON, a resident of the Western District of Pennsylvania, was a licensed physical therapy assistant in Pennsylvania since in and around September 1992, who began employment as a licensed physical therapy assistant at Defendant HERTEL & BROWN in and around September 2008.

15.     Defendant TRAVIS WALTER LITZ, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around May 2011.  During his employment, Defendant TRAVIS WALTER LITZ became a licensed physical therapy assistant in Pennsylvania in and around July 2014. Thereafter,

Defendant TRAVIS WALTER LITZ continued his employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

16.     Defendant ERIN MARIE RIFFE, a resident of the Northern District of Ohio, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around August 2012. During her employment, Defendant ERIN MARIE RIFFE became a licensed physical therapy assistant in Pennsylvania in and around September 2013. Thereafter, Defendant ERIN MARIE RIFFE continued her employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

17.     Defendant ABIGAYLE JANE FACHETTI, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around August 2014. During her employment, Defendant ABIGAYLE JANE FACHETTI became a licensed physical therapy assistant in Pennsylvania in and around June 2017. Thereafter, Defendant ABIGAYLE JANE FACHETTI continued her employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

18.     Defendant LORI LYNN GOSS, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around August 2015. During her employment, Defendant LORI LYNN GOSS became a licensed physical therapy assistant in Pennsylvania in and around August 2018. Thereafter, Defendant LORI LYNN GOSS continued her employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

19.     Defendant MARISSA SUE HULL, a resident of the Western District of Pennsylvania, was a licensed physical therapy assistant in Pennsylvania since in and around October 2015, who began employment as a licensed physical therapy assistant at Defendant HERTEL & BROWN in and around October 2017.

20.     Defendant JUSTIN CHARLES BURGER, a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around July 2016. During his employment, Defendant JUSTIN CHARLES BURGER became a licensed physical therapy assistant in Pennsylvania in and around July 2019. Thereafter, Defendant JUSTIN CHARLES BURGER continued his employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

21.     Defendant CARL WILLIAM LEWIS JR., a resident of the Western District of Pennsylvania, began employment as an unlicensed technician at Defendant HERTEL & BROWN in and around March 2017. During his employment, Defendant CARL WILLIAM LEWIS JR. became a licensed physical therapy assistant in Pennsylvania in and around August 2019. Thereafter, Defendant CARL WILLIAM LEWIS JR. continued his employment at Defendant HERTEL & BROWN as a licensed physical therapy assistant.

22.     In Pennsylvania, licensed physical therapists and physical therapy assistants are required to complete thirty (30) continuing education hours every two years to maintain their license.

23.     Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., submitted and caused to be submitted billing claims to various Health Care Benefit Programs including but not limited to the Commonwealth of Pennsylvania (Medicaid), United States Department of Health and Human Services (Medicare), Highmark Blue

6

Cross Blue Shield (Gateway, Freedom Blue), UPMC Health Plan (UPMC HP), Aetna (Meritain Health), United Health Care, United States Department of Veterans Affairs (VA), Humana Inc., MedRisk LLC, United States Department of Defense (Tricare), Amerihealth Caritas (Medicaid Contracting Agency), One Call Care (Align), Erie Insurance, Premier Comp Solutions LLC and State Farm (hereinafter the Health Care Benefit Programs) seeking payment for treatment services that Defendants claimed were provided to patients.

24.     The Health Care Benefit Programs were duly licensed medical insurance companies doing business in the Commonwealth of Pennsylvania and elsewhere. The Health Care Benefit Programs were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

25.     Health care providers, including physical therapists, are paid by the Health Care Benefit Programs through the submission of billing claims. Every billing claim submitted by, or on behalf of, a health care provider, includes an agreement by the provider to abide by the Health Care Benefit Program's governing rules and regulations. As a condition of payment, the Health Care Benefit Programs require providers to certify all information on and within the billing claim is true, correct, and complete. In addition, the health care provider certifies the service was rendered personally by the provider or under their direct supervision and incident to the provider's care and that the service was medically necessary for the health and/or well-being of the patient. Providers are also typically required to maintain all documents that substantiate billing claims for between four and six years.

26.     The Health Insurance Portability and Accountability Act of 1996 (HIPAA) established the use of a standard unique health identifier for covered health care providers known as a National Provider Identifier (NPI). Covered health care providers must share their NPI with other providers, Health Care Benefit Programs, clearinghouses, and any entity that may need it for billing purposes. As such, NPIs are included in the billing claims submitted from covered health

care providers to the Health Care Benefit Programs in order to seek reimbursement for services provided to beneficiaries.

27.     The American Medical Association (AMA) maintains the Current Procedural Terminology (CPT) coding set as a listing of descriptive terms and identifying codes, commonly referred to as "CPT codes," to describe medical services and procedures. CPT codes are utilized by both public and private Health Care Benefit Programs to describe services and procedures provided and by extension, billed for.

28.     Some CPT codes are utilized to describe medical services, treatment and procedures provided to a patient in a direct, individual, one-on-one therapeutic setting. For example, CPT code 97110 is defined as a "[t]herapeutic procedure, 1 or more areas, each 15 minutes: therapeutic exercises to develop strength and endurance, range of motion and flexibility." The CPT further states that for Therapeutic Procedures such as CPT 97110, the "[p]hysician or other qualified health care professional (i.e., therapist) [is] required to have direct (one-on-one) patient contact."

29.     Other CPT codes are utilized to describe medical services, treatment and procedures provided to patients in a group setting. Group therapy consists of simultaneous treatment of two or more patients who may or may not be doing the same activities. If the therapist is dividing attention among the patients, providing only brief, intermittent personal contact, or giving the same instructions to two or more patients at the same time, it is appropriate to bill each patient one unit of group therapy. For example, CPT 97150 is defined as "Therapeutic procedure(s), group (2 or more individuals)". The description and instructions for CPT 97150 also state "Report 97150 for each member of [the] group" and "Group therapy procedures involve constant attention of the physician or other qualified health care professional [i.e., therapist], but by definition do not require one-on-one patient contact by the same physician or other qualified health care professional".

30.     The Health Care Benefit Programs rely upon the good faith and honesty of physical therapists and physical therapy assistants to truthfully and accurately state on each billing claim form all the requested information including a truthful and accurate CPT code.

31.     Typically, Health Care Benefit Programs do not have access to the billing claims submitted to other Health Care Benefit Programs.  As a result, Health Care Benefit Programs typically cannot verify the veracity and accuracy of billing claims submitted to them by a particular health care provider by examining the billing claims submitted to other Health Care Benefit Programs by that same health care provider.

32.     Since in and around August 2013, Defendant HERTEL & BROWN has utilized WebPT physical therapy Internet (web) based software to facilitate a variety of tasks including but not limited to scheduling and treatment documentation for provided physical therapy services.

33.     Treatment notes submitted and caused to be submitted by the Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., traveled in interstate commerce via the Internet to WebPT, utilizing computer servers located in Arizona and/or Oregon.

34.     Typically at Defendant HERTEL & BROWN, the process and procedure for submitting a billing claim to a Health Care Benefit Program was initiated when a physical therapist signed a treatment note via WebPT, relative to treatment provided for a specific patient. The treatment note contained information about the treatment provided to the patient including

duration of treatment time and a description of the type of treatment provided. The treatment note was then stored by WebPT on its server. Defendant PATRICIA ANN BERCHTOLD, or subordinate billing specialists at HERTEL & BROWN known to the grand jury, then retrieved the treatment data submitted to WebPT by the physical therapist and then submitted a billing claim to the Health Care Benefit Program that provided medical insurance for the patient.

35.    In the context of medical billing using the CPT coding system, a modifier is a code that provides the means by which the reporting physical therapist or physical therapy assistant can indicate that a service or procedure that has been performed has been altered by some specific circumstance but has not changed in its definition or code.

36.    Beginning on or about January 1, 2020, Medicare instituted a new reporting requirement, intended to take full effect on January 1, 2022, that a CQ Modifier must be included in Medicare billing claims for services when a physical therapy assistant furnishes all of the minutes of a treatment service independent of the physical therapist, or the physical therapy assistant furnishes a portion of a treatment service separately from the part that is furnished by the physical therapist if the minutes for that portion of a treatment service furnished by the physical therapy assistant exceed ten (10) percent of the total minutes for that service.

37.    The Health Care Benefit Programs did not authorize and provide reimbursement for medical services and treatment provided by supportive personnel, i.e. unlicensed aides, or technicians.

38.    According to Title 49, Pennsylvania Code, Section 40.32(a): "The physical therapist may only allow supportive personnel to perform patient-related activities which do not require the formal education or training and the skill and knowledge of a physical therapist or physical therapist assistant, and only while the supportive personnel are under the direct on-premise supervision of a physical therapist."

39.     Title 49, Pennsylvania Code, Section 40.32(b) provides: "The physical therapist may not permit supportive personnel to provide physical therapy services. The physical therapist may permit supportive personnel to perform the following:

(1)     Patient assistance in preparation for treatment, as necessary during treatment and at the conclusion of treatment.

(2)     Application of superficial heat or cold as an adjunct to the treatment program.

(3)     Assembly, disassembly and maintenance of equipment and accessories.

(4)     Transportation of patients.

(5)     Assistance to patients with nontreatment aspects of activities and attending the personal needs of patients.

(6)     Recording information through the use of flow sheets and checklists which identify activities performed by the patient.

40.     According to Title 49, Pennsylvania Code, Section 40.32(c): "The physical therapist may not permit supportive personnel to interpret referrals, perform evaluation procedures, conduct tests, initiate or adjust treatment programs, assume responsibility for patient care or document physical therapy treatment."

## The Conspiracy and Its Objects

41.     From in and around January 2007, and continuing thereafter until in and around October 2021, in the Western District of Pennsylvania and elsewhere, Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., knowingly, willfully and unlawfully conspired and agreed together to commit the crimes of wire fraud in violation of Title

18, United States Code, Section 1343, and health care fraud, in violation of Title 18, United States Code, Section 1347.

**Manner and Means of the Conspiracy**

42.    It was part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., trained, instructed, allowed, authorized and utilized unlicensed employees, commonly referred to as technicians, to instruct and supervise patients through their therapeutic and aquatic exercise programs, administer electronic stimulation (e-stim), perform manual therapy, and administer ultrasounds.

43.    It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., trained, instructed, allowed, authorized and directed unlicensed employees, commonly referred to as technicians, to use the name and credentials of a licensed physical therapist or physical therapy assistant to document in official treatment records and billing claims the treatment services provided by the unlicensed technicians.

44.    It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., routinely and regularly recorded and billed to the Health Care Benefit Programs treatment time spent with patients that was in excess of actual time spent providing treatment to the patients, going so far as to have as many as four patients simultaneously scheduled and present for treatment by a physical therapist or physical therapist assistant. Each patient's Health Care Benefit Program was then billed as if the treatment was performed individually with constant direct one-on-one contact.

45.    The following are examples of occasions when billing claims were submitted to Health Care Benefit Programs claiming treatment time that was more than the entire possible treatment time that employees working at the specific location of Defendant HERTEL & BROWN on that date could have billed, even if the employees billed every minute the location was open without any reductions in billing time for breaks, paperwork completion or other similar non-treatment times:

a.    On or about March 18, 2019, at the Summit location, approximately 28.47 hours of treatment time was billed beyond possible treatment billing time (approximately fifty (50) percent of all claims that day).

b.    On or about April 15, 2019, at the Summit location, approximately 23.55 hours of treatment time billed beyond possible treatment billing time (approximately forty-five (45) percent of all claims that day).

c.     On or about April 29, 2019, at the West Erie Plaza location, approximately 20.96 hours of treatment time billed beyond possible treatment billing time (approximately twenty-four (24) percent of all claims that day).

d.     On or about April 29, 2019, at the Harborcreek location, approximately 17.90 hours of treatment time billed beyond possible treatment billing time (approximately twenty-four (24) percent of all claims that day).

e.     On or about May 6, 2019, at the West Erie Plaza location, approximately 22.20 hours of treatment time billed beyond possible treatment billing time (approximately twenty-five (25) percent of all claims that day).

f.     On or about May 6, 2019, at the Harborcreek location, approximately 15.67 hours of treatment time billed beyond possible treatment billing time (approximately twenty-two (22) percent of all claims that day).

g.     On or about July 1, 2019, at the Harborcreek location, approximately 14.75 hours of treatment time billed beyond possible treatment billing time (approximately twenty-one (21) percent of all claims that day).

h.     On or about July 8, 2019, at the Fairview location, approximately 12.78 hours of treatment time billed beyond possible treatment billing time (approximately thirty (30) percent of all claims that day).

i.     On or about July 29, 2019, at the West Erie Plaza location, approximately 30.41 hours of treatment time billed beyond possible treatment billing time (approximately thirty-two (32) percent of all claims that day).

j.     On or about August 5, 2019, at the Fairview location, approximately 15.95 hours of treatment time billed beyond possible treatment billing time (approximately thirty-three (33) percent of all claims that day).

      k.      On or about August 8, 2019, at the Fairview location, approximately 18.13 hours of treatment time billed beyond possible treatment billing time (approximately forty-seven (47) percent of all claims that day).

      l.      On or about August 19, 2019, at the Harborcreek location, approximately 18.31 hours of treatment time billed beyond possible treatment billing time (approximately twenty-eight (28) percent of all claims that day).

      m.      On or about September 9, 2019, at the Harborcreek location, approximately 21.08 hours of treatment time billed beyond possible treatment billing time (approximately thirty-one (31) percent of all claims that day).

      n.      On or about September 23, 2019, at the Fairview location, approximately 25.68 hours of treatment time billed beyond possible treatment billing time (approximately fifty-eight (58) percent of all claims that day).

      o.      On or about October 21, 2019, at the Harborcreek location, approximately 21.65 hours of treatment time billed beyond possible treatment billing time (approximately thirty-two (32) percent of all claims that day).

      p.      On or about October 28, 2019, at the Summit location, approximately 16.70 hours of treatment time billed beyond possible treatment billing time (approximately thirty-seven (37) percent of all claims that day).

      q.      On or about November 11, 2019, at the Summit location, approximately 17.60 hours of treatment time billed beyond possible treatment billing time (approximately thirty-eight (38) percent of all claims that day).

      r.      On or about September 29, 2020, at the West Erie Plaza location, approximately 23.98 hours of treatment time billed beyond possible treatment billing time (approximately twenty-six (26) percent of all claims that day).

s.      On or about October 26, 2020, at the West Erie Plaza location, approximately 20.51 hours of treatment time billed beyond possible treatment billing time (approximately twenty-three (23) percent of all claims that day).

t.      On or about October 26, 2020, at the Summit location, approximately 18.55 hours of treatment time billed beyond possible treatment billing time (approximately thirty-nine (39) percent of all claims that day).

u.      On or about February 22, 2021, at the Summit location, approximately 23.27 hours of treatment time billed beyond possible treatment billing time (approximately forty-five (45) percent of all claims that day).

46.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON,  STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, JEREMY RICHARD BOWES, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., displayed in its various locations, in areas accessible to all employees, the WebPT employee usernames and passwords for various licensed employees to facilitate the use of those licensed employee identifiers and credentials by numerous other employees, including unlicensed technicians.  In this way, numerous HERTEL & BROWN unlicensed and licensed employees were then able to log into the WebPT billing and treatment documentation system using the identifiers and credentials of another HERTEL & BROWN employee who was licensed.

47.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN

DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD (probably not), JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., instructed, directed and permitted unlicensed technicians to utilize the WebPT username and password for a licensed employee, i.e. physical therapist or physical therapy assistant, to gain access to WebPT and document treatment in WebPT as if the unlicensed technician were the licensed physical therapist or physical therapy assistant.

48.      It was further part of the conspiracy that the sharing of WebPT access rights, usernames and passwords afforded Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., the ability to conceal from the Health Care Benefit Programs the use of unlicensed technicians to provide treatment to patients that only licensed physical therapists or physical therapy assistants were authorized to perform and be reimbursed for.

49.      It was further part of the conspiracy that official patient records and billing claims were routinely completed by physical therapy assistants, including Defendants JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., using the name and credential of a licensed physical therapist in circumstances and on occasions where the licensed physical therapist

never performed or supervised the patient treatment and, in fact, was either not at work that day, on vacation, or out of the country, which was done with the knowledge of and at the direction of Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., and PATRICIA SUSAN BERCHTOLD. The following are examples of dates when billing claims were submitted using the name and credentials of a HERTEL & BROWN physical therapist who was on vacation and not working on that date:

      a.    On or about March 19, 2018, approximately 47 billing claims were submitted for payment using the name and credentials of Defendant SARAH ELIZABETH BAILEY when she was on vacation in Cancun, Mexico.

      b.    On or about July 6, 2018, approximately 27 billing claims were submitted for payment using the name and credentials of Defendant STEVEN MICHAEL BAUER when he was on vacation.

      c.    On or about August 2, 2018, approximately 12 billing claims were submitted for payment using the name and credentials of Defendant AARON WILHELM HERTEL when he was on vacation.

      d.    On or about August 20, 2018, approximately 46 billing claims were submitted for payment using the name and credentials of Defendant JESSICA JEANNE MORPHY when she was on vacation.

      e.    On or about February 25, 2019, approximately 18 billing claims were submitted for payment using the name and credentials of Defendant MICHAEL ROBERT BROWN when he was on vacation in the Dominican Republic.

f.      On or about February 28, 2019, approximately 29 billing claims were submitted for payment using the name and credentials of Defendant JESSICA JEANNE MORPHY when she was on vacation.

g.      On or about February 28, 2019, approximately 18 billing claims were submitted for payment using the name and credentials of Defendant MICHAEL ROBERT BROWN when he was on vacation in the Dominican Republic.

h.      On or about April 25, 2019, approximately 21 billing claims were submitted for payment using the name and credentials of Defendant MICHAEL ROBERT BROWN when he was on vacation.

i.      On or about June 17, 2019, approximately 27 billing claims were submitted for payment using the name and credentials of Defendant BOBBY LEE RAINEY when she was on vacation.

j.      On or about August 12, 2019, approximately 22 billing claims were submitted for payment using the name and credentials of Defendant JULIE ANN JOHNSON when she was on vacation in Cancun, Mexico.

k.      On or about November 8, 2019, approximately 28 billing claims were submitted for payment using the name and credentials of Defendant STEVEN MICHAEL BAUER when he was on vacation in Cancun, Mexico

l.      On or about November 22, 2019, approximately 16 billing claims were submitted for payment using the name and credentials of Defendant AUSTIN JOHN DUDENHOEFER when he was on vacation.

m.      On or about March 13, 2020, approximately 16 billing claims were submitted for payment using the name and credentials of Defendant PHILIP DALE SORENSEN JR. when he was on vacation.

n.      On or about July 15, 2020, approximately 26 billing claims were submitted for payment using the name and credentials of Defendant BOBBY LEE RAINEY when she was on vacation.

o.      On or about July 30, 2020, approximately 30 billing claims were submitted for payment using the name and credentials of Defendant MICHAEL ROBERT BROWN when he was on vacation.

p.      On or about July 31, 2020, approximately 28 billing claims were submitted for payment using the name and credentials of Defendant AUSTIN JOHN DUDENHOEFER when he was on vacation.

q.      On or about August 10, 2020, approximately 19 billing claims were submitted for payment using the name and credentials of Defendant JULIE ANN JOHNSON when she was on vacation.

r.      On or about October 8, 2020, approximately 22 billing claims were submitted for payment using the name and credentials of Defendant JACQUELINE RENEE EXLEY when she was on vacation.

s.      On or about October 12, 2020, approximately 11 billing claims were submitted for payment using the name and credentials of Defendant JULIE ANN JOHNSON when she was on vacation.

50.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL,

JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., falsified patient treatment records and billing claims submitted to Health Care Benefit Programs by not accurately listing the physical therapist or physical therapy assistant that actually provided treatment to the patient.

51.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN, instructed, directed and permitted physical therapy assistants and unlicensed technicians to provide treatment to patients with medical insurance, such as Tricare, that did not provide payment for treatment performed by physical therapy assistants or unlicensed technicians.

52.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., submitted and caused to be submitted to Health Care Benefit Programs that only provided payment for treatment undertaken by physical therapists, such as Tricare, billing claims that falsely indicated that a physical therapist had performed the treatment when, in fact, a physical therapy assistant or an unlicensed technician had actually performed the treatment.

53.     It was further part of the conspiracy that Defendants HERTEL & BROWN, and JESSICA JEANNE MORPHY posted, and permitted to remain posted, reminders in openly viewable places within at least two of its locations that physical therapy assistants were not to include their names in treatment and billing records for those patients that were enrolled in a federal Health Care Benefit Plan.

54.     It was further part of the conspiracy that Defendants HERTEL & BROWN and PATRICIA SUSAN BERCHTOLD reviewed treatment records for treatment that had already been provided and would remove, or direct others to remove, the names of physical therapy assistants from treatment records and billing claims submitted to those Health Care Benefit Programs that did not authorize or provide reimbursement for treatment provided by physical therapy assistants.  In so doing, Defendants HERTEL & BROWN and PATRICIA SUSAN BERCHTOLD concealed from the Health Care Benefit Programs that physical therapy assistants had provided treatment to patients when it was not authorized by the particular Health Care Benefit Program.

55.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., rarely, if ever, utilized group CPT billing codes when billing the Health Care Benefit Programs for patient treatment even in circumstances where group CPT billing codes were the only appropriate billing codes that could have been utilized.

56.     It was further part of the conspiracy, that after February 2014, group CPT billing codes were all but eliminated from the billing practices of and billing claims submitted by Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL

BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR.

57.     It was further part of the conspiracy that on those rare occasions when a HERTEL & BROWN employee attempted to submit a billing claim utilizing a group CPT code, Defendants HERTEL & BROWN and PATRICIA SUSAN BERCHTOLD would instruct the employee to cease the use of group billing codes or change the billing claim to list an individual and not group CPT code, explaining that group CPT codes brought in less revenue to Defendant HERTEL & BROWN.

58.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN instructed, directed, and permitted their employees at HERTEL & BROWN to falsely inflate the treatment time for which they sought payment when submitting billing claims to the Health Care Benefit Programs.

59.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN also instructed, directed, and permitted their employees at HERTEL & BROWN when submitting billing claims to the Health Care Benefit Programs to utilize CPT codes with higher reimbursement rates even though the treatment provided to patients did not correspond with the higher reimbursement rate CPT code utilized.

60.     It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER and PHILIP DALE SORENSEN JR., altered or instructed other HERTEL &

BROWN employees to alter patient appointment schedules for the purpose of concealing that Medicare patients were treated by unlicensed technicians and also for the purpose of concealing that Medicare patients did not have individual one-on-one treatment provided by a licensed physical therapist.

61.     It was further part of the conspiracy that in 2020, Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, JESSICA JEANNE MORPHY and PATRICIA SUSAN BERCHTOLD , in response to Medicare's initiative to require a CQ modifier in any billing claim for service where treatment was provided by a physical therapy assistant either entirely or significantly, limited the number of times physical therapy assistants signed and notated Medicare patient treatment records, going so far as to only allow a handful to be completed correctly and accurately each day.

62.     It was further part of the conspiracy that under the new CQ modifier documentation policy and procedure instituted by Defendants HERTEL & BROWN, AARON WILHELM HERTEL MICHAEL ROBERT BROWN,   JESSICA JEANNE MORPHY and PATRICIA SUSAN BERCHTOLD, physical therapy assistants continued to administer treatment, as they were doing prior to Medicare's CQ modifier change in policy, but instead of the physical therapy assistants recording their names in the official treatment record, physical therapy assistants were to omit their involvement from the official record and only physical therapists' names and credentials were allowed within the official treatment record, even though the physical therapist may have never provided the treatment.

63.     It was further part of the conspiracy that the CQ modifier documentation policy and procedure was enacted by Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN well in advance of Medicare's planned official implementation of the CQ modifier reimbursement reduction to prevent Medicare from being able to develop a history of CQ modifier use by Defendant HERTEL & BROWN.

64. It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN and PATRICIA SUSAN BERCHTOLD developed and enacted the CQ Modifier documentation policy to limit reductions in future Medicare reimbursements to Defendant HERTEL & BROWN.

65. It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., completed billing claims and treatment documentation as if a licensed physical therapist performed the treatment services, causing the patient and the Health Care Benefit Programs to pay for licensed treatment services even though unlicensed and unauthorized employees may have performed the treatment.

66. It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN encouraged, espoused, advocated, and implemented what Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN described as creative billing practices.

67. It was further part of the conspiracy that Defendant JEREMY BOWES encouraged student interns to provide misleading and inaccurate statements to educational authorities who supervised the students' internships about the work done and services performed by the interns at Defendant HERTEL & BROWN.

68. It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH

BAILEY, JESSICA JEANNE MORPHY and BOBBY LEE RAINEY regularly emphasized patient volume and provided bonuses and compensation to employees that were dependent on patient volume.

69.   It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN utilized, instructed, and directed an employee of Defendant HERTEL & BROWN known to the grand jury, to monitor and track the number of patient referrals from each physician who referred patients to Defendant HERTEL & BROWN.

70.   It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN provided gifts and incentives to physicians with the highest patient referral rates to increase and sustain patient volume.

71.   It was further part of the conspiracy that Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN stopped providing gifts and incentives to physicians whose referrals to HERTEL & BROWN had diminished.

72.   The conspiracy to commit wire fraud and health care fraud resulted in losses of at least $22,000,000 to the Health Care Benefit Programs.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

The grand jury further charges:

73.     Paragraphs 1 through 72 of Count One are hereby incorporated by reference as if re-alleged herein.

74.     From in and around January 2007, and continuing thereafter to in and around October 2021, in the Western District of Pennsylvania, Defendants HERTEL & BROWN, AARON WILHELM HERTEL, MICHAEL ROBERT BROWN, SARAH ELIZABETH BAILEY, JESSICA JEANNE MORPHY, JACQUELINE RENEE EXLEY, JULIE ANN JOHNSON, BOBBY LEE RAINEY, STEVEN MICHAEL BAUER, AUSTIN JOHN DUDENHOEFER, PHILIP DALE SORENSEN JR., PATRICIA SUSAN BERCHTOLD, JEREMY RICHARD BOWES, JENNIFER MARIE LARMON, TRAVIS WALTER LITZ, ERIN MARIE RIFFE, ABIGAYLE JANE FACHETTI, LORI LYNN GOSS, MARISSA SUE HULL, JUSTIN CHARLES BURGER and CARL WILLIAM LEWIS JR., did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud the Health Care Benefit Programs and to obtain, by means of false and fraudulent pretenses, representations and promises, money and property owned by and under the control of such Health Care Benefit Programs, in connection with the delivery of and payment for health care benefits, items, and services, which scheme and artifice to defraud and to obtain money and property was as set forth in Count One of this Indictment.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## FORFEITURE ALLEGATIONS

1.      The Grand Jury realleges and incorporates by reference the allegations contained in Counts One and Two of this Indictment for the purpose of alleging criminal forfeitures.

2.      As a result of the commission of the violations charged in Counts One and Two of this Indictment, Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN did acquire proceeds that are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

3.      As a result of the commission of the violations charged in Counts One and Two of this Indictment, Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN did acquire the following property that was involved in such violations, or is traceable to property involved in such violations, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 982(a)(7):

    a.      real property, including, without limitation, 3911 Avonia Road, Fairview, Pennsylvania 16415;

    b.      physical therapy equipment, including, but not limited to, traction machines, examination tables, electrotherapy machines, treadmills, stationary bikes, weights, and ultrasound machines;

    c.      office equipment including but not limited to, computers, copiers, televisions, and phones.

4.      As a result of the commission of the violations charged in Counts One and Two of this Indictment, Defendant AARON WILHELM HERTEL did acquire proceeds that are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

5.      As a result of the commission of the violations charged in Counts One and Two of this Indictment, Defendant AARON WILHELM HERTEL, did acquire the following

property that was involved in such violations, or is traceable to property involved in such violations, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 982(a)(7):

    a.    real property, including, without limitation, 11223 Station Road, North East, Pennsylvania 16428.

    6.    As a result of the commission of the violations charged in Counts One and Two of this Indictment, the defendant, MICHAEL ROBERT BROWN, did acquire proceeds that are subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

    7.    As a result of the commission of the violation charged in Count One of this Indictment, the defendant, MICHAEL ROBERT BROWN, did acquire the following property that was involved in such violation, or is traceable to property involved in such violation, thereby subjecting said property to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 982(a)(7):

    a.    real property, including, without limitation, 6037 Fossilwood Court, Erie Pennsylvania 16506

    8.    If through any act or omission by Defendants HERTEL & BROWN, AARON WILHELM HERTEL and MICHAEL ROBERT BROWN, any or all of the property described in paragraphs 2 through 7 above (hereinafter the "Subject Properties"):

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred, sold to, or deposited with a third person;

    c.    Has been placed beyond the jurisdiction of the Court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty,

the United States intends to seek forfeiture of any other property of the Defendant up to the value of the Subject Properties forfeitable above pursuant to Title 18, United States Code, Section 982(b)(1).

A True Bill,

FOREPERSON

STEPHEN R. KAUFMAN
Acting United States Attorney
PA ID No. 42108